MARY E. CAREY *vs.* PLANNING BOARD OF REVERE & others (and a companion case [1]).

Suffolk.   October 2, 1956. — January 11, 1957. [2]

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Subdivision Control. Equity Jurisdiction,* Subdivision control. *Equity Pleading and Practice,* Subdivision control appeal, Parties, Report of material facts, Rehearing. *Jurisdiction,* Subdivision control. *Superior Court,* Jurisdiction. *Notice. Words,* "Person . . . aggrieved."

Building construction on lots shown on a plan as to which the local planning board had determined under G. L. (Ter. Ed.) c. 41, § 81P, as appearing in St. 1953, c. 674, § 7, its approval under the subdivision control law was not required did not show a "disregard" of § 81Y, as so appearing, nor furnish ground for a taxpayers' suit under § 81Y "to enforce the provisions of the subdivision control law," even though the board's determination was under attack in another suit by way of appeal therefrom under § 81BB, as so appearing. [743]

A mortgagee of land abutting land a plan of which the local planning board had determined under G. L. (Ter. Ed.) c. 41, § 81P, as appearing in St. 1953, c. 674, § 7, did not require its approval under the subdivision control law was "aggrieved" by the determination within § 81BB, as so appearing, and had standing to bring a suit by way of appeal therefrom under § 81BB. [743]

Upon an appeal with a statutory report of material facts in a suit in equity, no further findings can be implied. [744]

The requirement of G. L. (Ter. Ed.) c. 41, § 81BB, as appearing in St. 1953, c. 674, § 7, that notice of an appeal to the Superior Court in equity under § 81BB be given to the municipal clerk is for the purpose of giving notice of the appeal to third persons who may be concerned with the land involved. [745]

It is essential to the jurisdiction of the Superior Court to entertain a suit in equity by way of appeal under G. L. (Ter. Ed.) c. 41, § 81BB, as appearing in St. 1953, c. 674, § 7, that "notice of such appeal" be given seasonably to the municipal clerk as required in § 81BB. [745]

The "notice of . . . appeal" to the Superior Court in equity required by G. L. (Ter. Ed.) c. 41, § 81BB, as appearing in St. 1953, c. 674, § 7,

---

[1] The companion case is Mary E. Carey and others against the same defendants.

[2] These cases are reported out of order by direction of the court. — RE-PORTER.

Carey *v.* Planning Board of Revere.

to be given to the municipal clerk within the twenty days therein specified may either precede or follow the filing in the Superior Court of the bill in equity constituting such "appeal." [745]

Where the record in a suit in equity in the Superior Court by way of appeal to it under G. L. (Ter. Ed.) c. 41, § 81BB, as appearing in St. 1953, c. 674, § 7, did not disclose to this court whether there had been compliance with the jurisdictional requirement specified by § 81BB for entertaining such a suit, that "notice of such appeal" be given to the municipal clerk within the twenty days designated therein, this court did not deal with the substantive issue presented by the suit but remanded it to the Superior Court in order that such jurisdictional matter be first determined. [745]

Two BILLS IN EQUITY, filed in the Superior Court on June 30, 1955, and July 15, 1955, respectively.

The plaintiffs appealed from final decrees by *Rome, J.,* dismissing the bills.

*Francis H. Farrell,* for the plaintiffs.

*Joseph B. Abrams,* (*Robert T. Abrams, Ralph F. Martino,* Assistant City Solicitor, & *Benjamin A. Glosband* with him,) for the defendants.

WHITTEMORE, J. These are bills in equity to review a determination under G. L. (Ter. Ed.) c. 41, § 81P,[1] as appearing in St. 1953, c. 674, § 7, that approval of a plan under the subdivision control law is not required.

They seek to enjoin further construction by the defendant Pine's Construction Corp. on lots shown on the plan, and "further authorization" therefor by the Revere building inspector, pending determination of the suits, and pray for an order to the planning board to comply with the provisions of the statute as to advertising, hearing, and notice in respect of the plan, and for annulment of the "decision of the chairman . . . of June 20, 1955." The trial judge dismissed the bills of complaint.

---

[1] Section 81P provides in part that "if the [planning] board finds that the plan does not require approval, it shall without a public hearing and without unnecessary delay endorse thereon the words 'approval under the subdivision control law not required,' or words of similar import, and the endorsement of the board as aforesaid shall be conclusive on all persons. . . . If the board fails to act upon a plan submitted under this section within fourteen days after its submission, it shall be deemed to have determined that approval under the subdivision control law is not required, and it shall forthwith make such endorsement on said plan, and on its failure to do so forthwith the city or town clerk shall issue a certificate to the same effect."

The substantive issue is whether, in view of a slope up from the lots to a State highway, a difference in level and a fence maintained by the Commonwealth, the subject lots have "frontage on a public way" within the provision excepting a subdivision of lots having such frontage from the requirements of the statute for planning board approval. See G. L. (Ter. Ed.) c. 41, §§ 81K–81GG, as appearing in St. 1953, c. 674, § 7, and as amended, and in particular §§ 81L, 81O, 81P, and 81Y.

The first bill of complaint was brought by Mary E. Carey, who the trial judge found is a mortgagee of real estate abutting the locus, and was filed on June 30, 1955. The substituted bill, filed July 12, states that the appeal was "filed . . . as an appeal under the provisions of G. L. c. 41, § 81BB."[1] The second bill of complaint was brought by Mary E. Carey and seventeen other taxpayers of Revere and filed on July 15, 1955, as a "petition for review under the provisions of G. L. c. 41." Section 81Y of this chapter provides that ten taxable inhabitants, among others, within one year of the complained of act or failure to act, may bring a petition in equity "to review any action of any municipal board or officer . . . in disregard of the provisions of this section . . . and otherwise to enforce the provisions of the subdivision control law . . . ."[2]

---

[1] "Any person, whether or not a party to the proceedings, aggrieved by a decision of a board of appeals under section eighty-one Y, or by any decision of a planning board concerning a plan of a subdivision, or by the failure of such a board to take final action concerning such a plan within the required time, or any municipal officer or board, may appeal to the superior court sitting in equity for the county in which the land concerned is situated; provided, that such appeal is entered within twenty days after such decision has been recorded in the office of the city or town clerk or within twenty days after the expiration of the required time as aforesaid, as the case may be, and notice of such appeal is given to such city or town clerk so as to be received within such twenty days. The court shall hear all pertinent evidence and determine the facts, and upon the facts so determined, shall annul such decision if found to exceed the authority of such board, or make such other decree as justice and equity may require. The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exceptions as in other equity cases. Costs shall not be allowed against the planning board or board of appeals unless it shall appear that such board acted with gross negligence or in bad faith."

[2] "The superior court for the county in which the land affected by any of the provisions of the subdivision control law lies shall have jurisdiction in equity on petition of the planning board of a city or town, or of ten taxable

· The trial judge found that the subject plan was .filed June 3, 1955, that the chairman of the board on June 20, 1955, indorsed on the plan the words "Revere Planning Board . . . Approval of under the Sub Division Control Law not required," that he acted under the authority given him in the board's by-laws to "sign all contracts, deeds, correspondence and other instruments, legal or otherwise, made by the board," that the first meeting of the board after June 3 was on July 26, that the subject plan with the indorsement thereon was then submitted to the board, and that the·indorsement of the chairman was, by vote, then ratified.

There is no.basis for the second complaint. As the board had failed to act within fourteen days after submission of the plan the indorsement by the chairman of the board on June 20 was a ministerial act which in default of such indorsement was to be performed by the town clerk. If this were not so, it would be controlling that the ratification on July 26 caused the indorsement by the chairman to speak effectively from and after that date as an act of the board. Building activities on the subject lots thereafter were pursuant to an apparently exempt plan and, under the second bill, brought as we assume pursuant to § 81Y, there is shown no action in "disregard of the provision of this section" or occasion "to enforce the provisions of the subdivision control law."

Mary E. Carey as mortgagee of adjacent premises under an outstanding and unpaid mortgage is an aggrieved person. Noncompliance with the subdivision control law in respect of property adjoining the real property which secures her debt may depreciate the value of that property. She has at least "some pecuniary interest . . . which is immediately or remotely affected . . ." by the determination appealed

inhabitants thereof, to review any action of any municipal board or officer of such city or town in disregard of the provisions of this section and to annul and enjoin such action, to enjoin the erection of a building in violation of this section, and otherwise to enforce the provisions of the subdivision control law and any rules or regulations lawfully adopted and conditions on the approval of a plan lawfully imposed thereunder, and may restrain by injunction violations thereof or make such decrees as justice and equity may require. No proceeding under this paragraph shall be instituted more than one year after the act or failure to act upon which such petition is based."

from. See *Lawless* v. *Reagan*, 128 Mass. 592, 593, and *Delaney* v. *Cook*, 256 Mass. 203, 204 (cases under statute governing probate appeals); *American Can Co. of Massachusetts* v. *Milk Control Board*, 313 Mass. 156, and cases cited; *Sunderland* v. *Building Inspector of North Andover*, 328 Mass. 638. Compare *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*, 324 Mass. 427, 431–432. The plaintiff is also owner of land on a street parallel to the road on which the subject land is located, but the record does not disclose how near her land is to the locus.

The defendants contend that relief to the plaintiff is barred because she has not shown that she gave notice to the town clerk, within twenty days, of the filing of the appeal as § 81BB requires. There is no basis on this record for assuming that such notice was or was not given. The facts which we have are set forth in a report of material facts under G. L. (Ter. Ed.) c. 214, § 23. That report, which states "all the material facts," makes no finding as to such notice. Such report need contain only "certain facts which . . . [the trial judge] considered as material and which in his opinion formed the basis of his decision." *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214. Where the report is under the statute, as here, or there is other indication that it contains all the facts that entered into the decree "there is no room for any implication of further findings." *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 562. *Topor* v. *Topor*, 287 Mass. 473, 476. *Carilli Construction Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727. The report in a section headed, "I further find, in so far as same may be deemed to be material," states the absence of notice from the planning board to the clerk (see § 81U) and that no public hearing was held and no notice by advertising given. This suggests that so far as there was evidence or contention before the court in respect of compliance with the formalities of the statute the judge intended to include a summary thereof. But we may not speculate. The bill of complaint does not allege that the notice was given. The answer in response to the averment that the appeal was filed

under § 81BB denies "that the plaintiff has any right of appeal." In respect of the time limitation in the similar provision in the section governing appeals in zoning cases (G. L. [Ter. Ed.] c. 40, § 30, as appearing in St. 1933, c. 269, §1, now c. 40A, § 21, inserted by St. 1954, c. 368, § 2) we have held that "Time is not merely a procedural limitation but is an essential part of the remedy" and that the court has no jurisdiction to entertain a proceeding begun at a later time. *Del Grosso* v. *Board of Appeal of Revere,* 330 Mass. 29, 32. This provision for notice to the clerk is, we think, designed to give to third persons who may be concerned with the land at least constructive notice of the appeal, which, if sustained, may invalidate an outstanding, apparently valid plan. See §§ 81T, 81U and 81V. It is a jurisdictional requirement. But notice does not by the statute have to be given *before* the bill is filed. Notice and the appeal both must be within twenty days. Either may precede the other. We think that if the notice were given before the filing of the bill it would comply with the statute, which requires notice not of the *filing* or *taking* of the appeal, but only "of such appeal." Compare *Arlington Trust Co.* v. *Le Vine,* 289 Mass. 585; *Checkoway* v. *Cashman Brothers Co.* 305 Mass. 470; *Curran* v. *Burkhardt,* 310 Mass. 466. Jurisdiction depends on the fact of the notice, not on whether it was pleaded. If given within the time limited, but not set out in the pleadings in a particular case, either because given after the bill was filed or through inadvertence, manifestly an appropriate occasion would be presented for allowance of an amendment of the bill to cause it to state all the jurisdictional requirements of the appeal.

We do not reach the substantive issue. It must first be determined whether the court has jurisdiction of the appeal.

The decree in the suit brought by Mary E. Carey and others is affirmed. The decree in the suit brought by Mary E. Carey is reversed and the case remanded to the Superior Court for further proceedings not inconsistent herewith. *Frank* v. *Frank, ante,* 130, 137, and cases cited.

*So ordered.*