MARY E. CAREY vs. PLANNING BOARD OF REVERE & others.

Suffolk.   April 2, 1957. — May 2, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Notice. Subdivision Control. Equity Jurisdiction*, Subdivision control. *Equity Pleading and Practice*, Subdivision control appeal.

The requirement of G. L. (Ter. Ed.) c. 41, § 81BB, as appearing in St. 1953, c. 674, § 7, that notice of an appeal to the Superior Court in equity under § 81BB be given to the municipal clerk was not complied with in such a suit by seasonably giving to him, without a copy of the bill, a copy of the subpoena designating the members of the local planning board, the building inspector, and a building construction corporation as defendants and containing an order temporarily restraining construction by the corporation of houses "on the subdivision mentioned in the bill" and authorization of such construction by the building inspector.

BILL IN EQUITY, filed in the Superior Court on June 30, 1955.

Following the decision by this court reported *ante*, 740, there were a further hearing and a report of the suit by *Brogna*, J.

The case was submitted on briefs.

*Francis H. Farrell*, for the plaintiff.

*Joseph B. Abrams & Robert T. Abrams*, for the defendant Pine's Construction Corp., & *Ralph F. Martino*, for the defendants planning board of Revere and another.

WHITTEMORE, J.   This case is again before us, on report from the Superior Court.   The report shows by stipulation that the notice relied on by the plaintiff to satisfy the requirement of G. L. (Ter. Ed.) c. 41, § 81BB, as appearing in St. 1953, c. 674, § 7, is whatever notice was given by the service in hand upon the city clerk on June 30, 1955, of a copy of the subpoena without a copy of the bill of complaint.

The copy of a subpoena gave the city clerk notice of the facts disclosed in it. The subpoena did not show that the clerk was a party to the suit, it did not call upon him to respond or appear, and it did not give him notice of what would have been discovered by inspecting the bill of complaint. He was under no obligation to do that or to make inquiry of anyone in order to learn more certainly what the suit was about.

The subpoena in its relevant aspects notified the city clerk that Mary E. Carey had begun proceedings in equity against the members of the planning board, the building inspector and Pine's Construction Corp. The provisions which temporarily restrained construction by the corporation and authorization thereof by the building commissioner [1] served to notify the clerk that the suit concerned construction of houses on a subdivision by Pine's Construction Corp. under authorization of the commissioner. There was reasonable notice also, from the fact that the members of the planning board were defendants, that the board was concerned in some way.

This was insufficient notice to comply with the statute. It was not even notice that the proceedings described constituted an appeal. It was not notice of complaint about any action or nonaction of the planning board. It was not notice that the proceedings concerned property located as described in the bill of complaint. There was no indication that it was intended to be a notice to comply with c. 41, § 81BB. It could not serve as the constructive notice to third persons which in the earlier opinion we have said was the purpose of the statutory requirement of notice to the clerk of the appeal.

The statutory provision manifestly is not intended as a means of obtaining jurisdiction over the municipality or its officers, which could be satisfied by the service of a sub-

---

[1] These provisions temporarily ordered the defendant Pine's Construction Corp. to "refrain from continuing with the construction of the houses on the subdivision mentioned in the bill of complaint," and the defendant building inspector to "refrain from granting any further authorization to the Pine's Construction Corp. for further construction on this subdivision." — REPORTER.

poena. The notice intended is notice in fact. Its form is not important but it must convey with reasonable certainty the information reasonably needed to serve the statutory purpose. See *Boston v. Acton,* 167 Mass. 579; *Higgins v. Boston Elevated Railway,* 214 Mass. 335, 336; *Bacon v. Paradise,* 318 Mass. 649, 655; *Commissioner of Corporations & Taxation v. Springfield,* 321 Mass. 31, 35, and cases cited; *Kenady v. Lawrence,* 128 Mass. 318, 319; *Lyman v. County of Hampshire,* 138 Mass. 74, 77; *Driscoll v. Fall River,* 163 Mass. 105, 108; *Meniz v. Quissett Mill,* 216 Mass. 552, 555; *Chertok v. Dix,* 222 Mass. 226, 227; *O'Flaherty v. Cunard Steamship Co. Ltd.* 281 Mass. 447, 451; *DePrizio v. F. W. Woolworth Co.* 291 Mass. 143, 149.

Final decree is to enter in the Superior Court dismissing the bill of complaint for want of the required notice.

*So ordered.*