GUY COLETTI *vs.* JAMES J. HART.

Middlesex.   November 10, 25, 1958. — December 3, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* New trial; Auditor: findings.

Because subsidiary findings of an auditor whose findings were to be final in an action of contract for a balance due for goods ordered from the plaintiff by the defendant under an agreement that the parties would share equally in the net profit to the plaintiff left it uncertain whether or not the defendant was also to receive a certain discount from the plaintiff, this court reversed an order for judgment for the plaintiff on the report and remanded the case to the Superior Court for recommittal to the auditor for clarification of his findings respecting the discount.

CONTRACT. Writ in the Superior Court dated October 3, 1957.

The action was heard by *Lurie,* J., on an auditor's report. The case was submitted on briefs.

*George P. Lordan,* for the defendant.

*Robert W. Blakeney,* for the plaintiff.

CUTTER, J. This action of contract was heard by an auditor whose findings of fact were to be final. The auditor found for the plaintiff in the sum of $5,245.16 with interest from March 30, 1957. The trial judge ordered judgment on the auditor's report. The defendant appealed from the order and from the denial of a motion to recommit the auditor's report.

The auditor found the following facts. The plaintiff manufactures and sells machinery. In March, 1956, the defendant told the plaintiff that the former was negotiating with Angelo Tomasso, Inc., for the sale to Tomasso of some conveyors. The plaintiff gave a price of $38,986.84 for construction of the conveyors (including some minor extra items) for the defendant in accordance with Tomasso's specifications. The defendant gave the plaintiff his order No. 588 for the conveyors at this price. Additional orders (Nos. 609, 614, 615, 617, 627) for some further extra items for $3,312.53 were later given but these extra orders appear to have been wholly separate and are not directly involved in any of the questions here presented.[1]

The plaintiff and the defendant "agreed . . . that the plaintiff would give to the defendant a five per cent discount for cash . . . payment within thirty days" of delivery of parts of the machinery; "that the plaintiff and the defendant would share equally in the net profit; [and] that the difference between the agreed figure of $38,986.84 and the actual cost to the plaintiff of construction, engineering and delivery, including any earned five per cent discount, should be divided equally between the plaintiff and the defendant." Only one invoice was paid rapidly enough to

---

[1] This amount is plainly owing to the plaintiff and affects the present case merely by providing an item of recovery of $3,312.53 in addition to whatever sum is owing to the plaintiff under order No. 588. The provision for division of profit later mentioned did not apply to the additional orders.

entitle the defendant to a five per cent discount, which "would amount to $1,009.75."

The auditor found that the net profit on order No. 588 was $5,172.10 treating the five per cent discount as a cost in computing the profit. One half of this net profit is $2,-586.05. The auditor then computed the amount owed by the defendant to the plaintiff, as follows:

| | | |
|---|---|---|
| Item 1 — Price of order No. 588 | | $38,986.84 |
| Item 2 — Price of extra orders Nos. 609, 614, 615, 617, 627 (footnote 1, *supra*) | | 3,312.53 |
| Item 3 — Total of items 1 and 2 | | $42,299.37 |
| *Less* | | |
| Item 4 — One half profit order No. 588 | $2,586.05 | |
| Item 5 — Paid by the defendant on account | 34,468.16 | |
| Item 6 — Total of items 4 and 5 | | 37,054.21 |
| Item 7 — Found by auditor to be due to plaintiff | | $5,245.16 |

The defendant originally contended (a) that the five per cent discount of $1,009.75 should not have been deducted as a cost in computing the profit, thus increasing the profit by that amount (from $5,172.10 to $6,181.85, and a one half share of the profit from $2,586.05 to $3,090.93); and also (b) that the five per cent discount of $1,009.75 should be deducted from the balance due to the plaintiff since the auditor made no finding that the amount of the discount had been paid to the defendant or allowed to him by way of credit. The defendant in a supplemental brief now seems to concede (we think properly, in view of the clear finding of the auditor about the method by which profit was to be computed) that the five per cent discount must be allowed as an item of cost to be deducted in computing the profit. The defendant still contends that he is entitled to credit

for the discount, which has not been shown to have been given to him. The plaintiff contends that the auditor's computation is correct as it stands, on the ground that the plaintiff's agreement for division of the profit with the defendant was made subsequent to the original arrangement for a five per cent discount and was in lieu of that agreement for a discount. He argues that this allegedly subsequent agreement was given in consideration of the disallowance of any earned five per cent discount as a deduction from the balance owing to the plaintiff.

The auditor's findings certainly do not make it wholly clear whether the agreement for a five per cent discount was contemporaneous with the arrangement for division of the profit or whether the latter was subsequent to the former, and meant to supersede the former in whole or in part. If the auditor meant by his subsidiary findings that the plaintiff agreed at the same time (a) to allow a five per cent discount on payments of invoices made within thirty days, and also (b) to give the defendant credit for half the profit (treating the discount as a cost), then it appears on the face of his report that the defendant has not been paid, or credited, the amount of the discount in computing the sums now owing to the plaintiff. On this construction of the auditor's subsidiary findings, the defendant is entitled to a further deduction of $1,009.75 from the amount found so to be payable. If the auditor, on the other hand, meant by his subsidiary findings that the parties' agreement for dividing the profit was subsequent to the agreement for a five per cent discount, then it is not plain from his findings whether there still was to be a deduction of the five per cent discount in computing the amount owed by the defendant to the plaintiff.

The controversy still remaining arises entirely because of uncertainty about what the auditor meant by his subsidiary findings. We think that neither we nor the trial judge should be compelled to guess at the auditor's meaning when the whole controversy can be disposed of rapidly by a recom-

mittal of the report to the auditor for the limited purpose of clarifying the language of the findings in the respects here discussed. This is a case where what now appears on the face of the report is "not enough . . . to enable this court to reach a proper conclusion." *Watkins* v. *Simplex Time Recorder Co.* 316 Mass. 217, 224–225. It, however, is not a case where complete rehearing is necessary. See *Frank* v. *Frank,* 335 Mass. 130, 136; *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 744–745; Rules 89 and 90 of the Superior Court (1954).

The order for judgment is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*