NYMAN H. KOLODNY & others *vs.* BOARD OF APPEALS OF BROOKLINE & others.[1]

Norfolk. May 9, 1963. — July 1, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Zoning,* Appeal to board of appeals. *Building Inspector. Permit.*

Where the building commissioner of a town, after receiving a written request that he revoke certain issued building permits, denied in writing the request on the ground that the "proposal [for which the permits had been granted] meets the requirements of the Building Code and Zoning By-Law," the denial was merely a reaffirmation of the commissioner's decision to issue the permits and did not constitute a decision of his from which aggrieved residents of the town could appeal to its board of appeals under G. L. c. 40A, § 13, as appearing in St. 1955, c. 325, § 1.

---

[1] The other defendants are the building commissioner, William C. Berghaus, a building inspector, and, by intervention, James Lawrence, Jr. See the *Bloom* case, *ante,* 278.

BILL IN EQUITY filed in the Superior Court on June 19, 1962.

Demurrers to the bill were sustained by *Tauro, J.*, a motion to amend the bill was denied by *Fairhurst, J.*, and final decrees dismissing the bill were entered by *Sullivan, J.*

*Jack H. Backman* for the plaintiffs.

*Lewis H. Weinstein* (*Lawrence A. Sullivan* with him) for Lawrence; *Phillip Cowin,* Town Counsel, for the Board of Appeals of Brookline & others, also with him.

WHITTEMORE, J. This appeal under G. L. c. 40A, § 21, seeks review of the decision of the board of appeals that it had no jurisdiction of an appeal by aggrieved residents of the town of Brookline from the denial by the building commissioner of their request that he revoke the thirteen building permits referred to in *Bloom* v. *Planning Bd. of Brookline, ante,* 278, as violative of the zoning by-law.

The bill alleged that the permits were "approved" by the building inspector on March 27, 1962; the plaintiffs on April 10, 1962, requested in writing that the permits be revoked as granted unlawfully and in error; on April 26, 1962, the building commissioner, in writing, denied the request to revoke and the plaintiffs appealed to the board within ten days; the board denied the appeal, making findings and rulings. The request to revoke, the commissioner's response, and the board's decision are incorporated in the bill.

Demurrers were sustained, and a motion to amend the bill was denied as was leave further to amend. The final decrees dismissed the bill. There was no error.

In *Atherton* v. *Selectmen of Bourne,* 337 Mass. 250, 258–259, we held that the building inspector's withdrawal of a "stop work order" by physically removing the order from the premises or orally informing the landowner that it was not in effect was not an "order or decision" from which an aggrieved neighbor could appeal under G. L. c. 40A, § 13.[2]

---

[2] This section, as appearing in St. 1955, c. 325, § 1, provides: "An appeal to the board of appeals established under section fourteen may be taken by any person aggrieved by reason of his inability to obtain a permit from any ad-

*Dodge* v. *Inspector of Bldgs. of Newburyport,* 340 Mass.
382, 385–386, holds that the failure to appeal from the issu-
ance of a permit to build did not bar mandamus to require
the inspector of buildings to stop the use of the building
contrary to the zoning by-law; the issuance of the permit
was not an "order or decision" from which to appeal as it
did not show that a violation was in prospect and in any
case the proceeding was one to compel enforcement of the
zoning ordinance.    See *Van Arsdale* v. *Provincetown,* 344
Mass. 146, 151.    In *Williams* v. *Inspector of Bldgs. of Bel-
mont,* 341 Mass. 188, 189–190, the petitioners requested the
inspector to stop the work which was going forward with-
out a permit.    We held that as no writing existed to estab-
lish the content of any order or decision, mandamus was not
barred.    Accord, *Hinves* v. *Commissioner of Pub. Works
of Fall River,* 342 Mass. 54, 56–57.    In the *Williams* case,
we said: "It may be thought somewhat arbitrary that
questions of enforcement which will come before the local
board of appeals if a permit is granted or denied will not
reach the board if no permit is sought and the enforcing
officer does not act.    This, however, is not a necessary state
of affairs.    A provision in a by-law or ordinance for the
filing of a request for enforcement and for formal action on
the request could, it would seem, operate to cause an ap-
pealable decision."

Here the building commissioner decided the matter sub-
mitted to him by the request to revoke permits, and his
writing is sufficient to show the substance of his decision,
that is, that the "proposal [for which permits had been
granted] meets the requirements of the Building Code and
Zoning By-Law of the Town of Brookline."    But the de-
fendants rightly contend that this was not a "decision"
from which an appeal may be taken to the board of appeals

ministrative official under the provisions of this chapter, or by any officer or
board of the city or town, or by any person aggrieved by any order or decision
of the inspector of buildings or other administrative official in violation of
any provision of this chapter, or any ordinance or by-law adopted thereunder.
A zoning ordinance or by-law may prescribe a reasonable time within which
appeals under this section may be taken."

under G. L. c. 40A, § 13, for it is no more than a reaffirmation of the decision of March 27, 1962, to issue the permits. The plaintiffs may not thus, in effect, modify the statutory provisions in respect of the issuance of permits.  Nothing in the *Atherton* or *Williams* cases suggests a right of appeal from such a reaffirming of the issuance of permits.  A decision to revoke the permits would, of course, be in different aspect.  It is not alleged that the appeal was taken within the time limited by the zoning by-law after the original decision of March 27, 1962, to issue the permits, nor is it contended that this could be alleged in an amendment. The bill, by alleging that the appeal from the denial of the request to revoke was within ten days, appears to recognize that the appeal period is ten days and the decision of the board also so indicates.

The allegation that the building permits were approved by the building inspector "without the authority in law" and the assertion in the incorporated request to the commissioner to revoke the permits that the permits "[o]n their face . . . were not in fact approved by the Building Commissioner, as required by the Brookline Building Code adopted March 22, 1956, § 207," add nothing to the bill. *Bloom* v. *Planning Bd. of Brookline, ante,* 278.

As there was no lawful appeal to the board, its ruling that it had no "jurisdiction over the appeal" was required in law.

The defect disclosed by the original bill, and equally by the proposed amended bill, is fatal and nothing suggests that it may be cured by amendment.

*Interlocutory decrees affirmed.*
*Final decrees affirmed.*