WAYNE E. GOLDMAN *vs.* PLANNING BOARD OF BURLINGTON (and a companion case[1]).

Middlesex.    December 5, 1963. — April 14, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Subdivision Control. Equity Jurisdiction,* Declaratory relief. *Zoning,* Board of appeals: appeal to board, composition of board. *Permit.*

Indorsement by the planning board of a town "Approval under Subdivision Control Law not required" on a plan of land showing lots with frontage on a private way did not obligate the board under G. L. c. 41, § 81P, to make a like indorsement on a later plan showing the same lots with the same frontage submitted to it after the recording of the earlier plan: the way shown on the later plan was not one "theretofore approved" within the definition of "Subdivision" in § 81L, and any determination by the board in indorsing the earlier plan that the way as shown thereon was adequate within that definition was not conclusive on the board with respect to the adequacy of the way as shown on the later plan. [324–325]

A real estate developer who owned lots for which building permits granted had been revoked by the building inspector of the town on the ground that the lots did not front on a traveled way as required by the zoning by-law, but who failed to appeal from such revocation to the board of appeals as authorized by G. L. c. 40A, § 13, showed no special circumstances entitling him to maintain a suit in equity against the building inspector for a declaratory decree respecting the validity of the revocation. [325–326]

A revocation of a building permit by a town's building inspector on a zoning ground was an "order or decision" by him from which an appeal would lie to the zoning board of appeals under G. L. c. 40A, § 13. [325]

An owner of land aggrieved by a revocation of a building permit by a town's building inspector on a zoning ground was not excused from

_____
[1] The companion case is by the same plaintiff against Building Inspector of Burlington.

seeking his remedy by appeal to the zoning board of appeals from the revocation under G. L. c. 40A, § 13, and did not become entitled to seek declaratory relief as to the validity of the revocation in a suit in equity against the building inspector, by reason of the inspector's failure to state in writing his reasons for revoking the permit even if such statement was required by the zoning by-law, or by reason of the fact that the zoning board of appeals as then constituted did not include in its membership an architect and a selectman, a requirement not contained in the zoning by-law, although it provided that the board of appeals thereunder should act as the board of appeals under the building by-law and the building by-law required an architect and a selectman on the board of appeals.   [326]

A provision of the zoning by-law of a town, that "Nothing herein contained shall be construed so as to repeal or nullify any existing by-law . . . [and when] the matter herein contained is elsewhere regulated the more stringent provision shall prevail," did not import into the zoning by-law special requirements of the building by-law.   [327]

A landowner in a town who failed to avail himself of his remedy by appeal to the zoning board of appeals under G. L. c. 40A, § 13, to attack the validity of a revocation of a building permit by the inspector of buildings on a zoning ground was not entitled thereafter to an adjudication of damages for the revocation in a suit against the inspector. [327]

Two BILLS IN EQUITY filed in the Superior Court on October 19, 1962, and October 24, 1962, respectively.

The suits were heard by *Spring*, J.

*Jack J. Moss* for the plaintiff.

*Paul A. Good* for the defendants.

WHITTEMORE, J.   These are appeals by Wayne E. Goldman from the final decrees in two cases heard together in the Superior Court.   In the first case Goldman appealed to the Superior Court from the refusal of the planning board of Burlington to indorse a plan with the notation that approval is not required under the Subdivision Control Law. G. L. c. 41, §§ 81P and 81BB.   The final decree in the Superior Court dismissed the bill.

The second case is a bill in equity for a declaratory decree against the building inspector of Burlington to determine his right to revoke building permits.   The permits had been issued by the inspector's predecessor in office and were applicable to lots K, L, M, and N shown on a plan recorded August 17, 1960, and more fully described below. The judge ruled that the building inspector had power to

revoke as the permits were invalid. The final decree adjudged that the revocation did not exceed the inspector's authority.

The evidence is reported. The judge found these facts: The Burlington planning board indorsed "Approval under Subdivision Control Law not required" on a plan of land of Bessie M. Rogers, dated May 26, 1959, and recorded August 17, 1960. That plan shows lots A through N, with a frontage on Locust Street. The plaintiff, a developer, took title to lots K, L, M, and N on March 30, 1962, "relying on the availability of building permits." On April 9, 1962, the then building inspector granted building permits for these four lots. The plaintiff mortgaged the lots and "conditionally contracted to sell them to another developer." On May 15, 1962, the defendant building inspector notified the plaintiff that he had revoked the four permits. The inspector testified that revocation was because the lots did not front on a traveled way as required by the zoning by-law. The plaintiff testified that the inspector told him he was going to revoke the permits as the lots were not on a traveled way. The plaintiff did not appeal this action to the Burlington board of appeals. On September 20, 1962, the plaintiff submitted to the planning board another plan, dated September 13, 1962, with a request for indorsement of approval not required. This plan was "identical to the earlier plan" except that the way adjacent to lots K, L, M, and N had been relabeled "Dugway Road" and "(formerly Locust Street)."[2] Although "the real Locust Street is a paved road, Dugway Road is described as an unpaved cart road." On October 1, 1962, the planning board notified the plaintiff that it denied his request for indorsement of the plan because Dugway Road as shown on the plan was of insufficient width. The judge found that the planning board indorsed the May 26, 1959, plan under the misapprehension that every lot had frontage on Locust Street. A member of the board testified that when he voted for the indorsement he thought Locust Street was a public way.

---

[2] But the earlier plan does not show the width of "Locust Street" as it shows no northerly boundary for that way.

Goldman *v.* Planning Board of Burlington.

The following sketches show parts of each plan.

There was testimony that many roads in the town had never been accepted. See *Loriol* v. *Keene,* 343 Mass. 358.

Goldman *v.* Planning Board of Burlington.

1. There was no error in refusing to indorse "approval . . . not required" on the plan submitted in September, 1962.

The plaintiff contends that the indorsement on the first plan established that dividing the land on the way then called Locust Street was not a subdivision and hence that a succeeding plan showing these lots on the same way must be approved because not a plan of a subdivision.

We do not agree. Section 81O[3] prohibits making a subdivision except pursuant to an approved plan. Section 81L excludes from the definition of subdivision the dividing of a parcel into lots so that every lot has frontage (a) on a public way,[4] or (b) on a way shown on a plan "theretofore approved," or (c) on a way in existence when the law became effective "having, in the opinion of the planning board, sufficient width, suitable grades and adequate construction . . . ." Section 81P provides for submission of a plan to the planning board "and, if the board finds that the plan does not require such approval, it shall . . . endorse thereon . . . 'approval under the subdivision control law not required' . . . and such endorsement shall be conclusive on all persons."

Whatever the plaintiff's rights under the plan recorded on August 17, 1960, and § 81P, they do not include the right to require that the new plan be indorsed "approval . . . not required." The plaintiff does not contend that Dugway Road is a public way. The plaintiff's suggestion that the September, 1962, plan shows no subdivision because the lots are on "a way shown on a plan theretofore approved" is contrary to the fact; the indorsement on the earlier plan was not an approval of that plan. Nor can we agree that any determination in 1960 that the way was adequate is

[3] Section 81O was amended in aspects not here relevant by St. 1963, c. 804.

[4] Section 81L was amended by St. 1963, c. 580, to provide that where every lot in the tract fronts on a "way which the clerk of the city or town certifies *is* maintained and used as a public way" the division will not be deemed a subdivision.

"conclusive" upon the board in any subsequent application for an indorsement of another plan showing the same way. The 1960 decision was as to the particular plan. Such rights as were acquired relate to that plan. Certainly, if the board thinks a mistake has been made, it may not be forced to repeat and enhance the effect of the mistake when a different plan is submitted.

2. It was error to consider on the merits the bill for declaratory relief brought against the building inspector, The bill should have been dismissed.

General Laws c. 40A, § 13, provides that an appeal may be taken from "any order or decision of the inspector of buildings . . . in violation of any provision of this chapter." The appeal lies to the board of appeals established pursuant to c. 40A, § 14. Chapter 40A, § 13, prior to its amendment by St. 1963, c. 207, § 1, required that the appeal be taken within the time prescribed by a zoning ordinance or by-law.[5] The record shows that no appeal from the revocation was taken within the ten day period specified by the zoning by-law or indeed at any time. An appeal under § 13 was the proper procedure where the building inspector acted under the zoning by-law. *Church* v. *Building Inspector of Natick,* 343 Mass. 266. The revocation of the permits was an "order or decision" from which an appeal would lie. See *Kolodny* v. *Board of Appeals of Brookline,* 346 Mass. 285, 286–288, and cases cited. The plaintiff does not contend that in no case would the inspector have the power to revoke permits. See *Building Inspector of Wayland* v. *Ellen M. Gifford Sheltering Home Corp.* 344 Mass. 281, 286. The power to revoke is implicit in the rule that a permit does not bar enforcement of the by-law. See cases cited in the *Gifford* and *Kolodny* cases. Compare *Cities Serv. Oil Co.* v. *Board of Appeals of Bedford,* 338 Mass. 719, 723, 727 (permit by board of appeals that "in effect zoned the land for" the permitted use).

---

[5] Statute 1963, c. 207, amended G. L. c. 40A, §§ 13 and 16, to provide that appeals must be taken within thirty days.

The plaintiff relies on *Madden* v. *State Tax Commn.* 333 Mass. 734. That case held that a court might in its discretion give declaratory relief under c. 231A where a controversy existed between the State Tax Commission and a taxpayer as to whether an exchange of stock pursuant to a merger was a taxable event. The court said that this relief might be granted notwithstanding the statutes which indicate that the taxpayer's other remedies were exclusive. We think, however, that this case more nearly falls within the principle of *Second Church in Dorchester* v. *Boston,* 343 Mass. 477. That principle is that in the absence of special circumstances it is improper to give declaratory relief where an administrative remedy was unavailable because it had not been pursued within the time prescribed. There are no special circumstances to justify declaratory relief here. Compare *Board of Selectmen of Truro* v. *Outdoor Advertising Bd.* 346 Mass. 754, 758, 760.

The plaintiff refers to the requirement of § 2 of the zoning by-law that reasons for refusing a permit shall be stated in writing. Assuming this provision is applicable to a revocation, a failure to state reasons in writing would not excuse the plaintiff from proceeding under the appeal provisions. The effect of such failure could have been raised on the appeal. Compare cases cited in *Beaumont* v. *Director of Hosps.* 338 Mass. 25, 26.

The plaintiff contends that his failure to appeal should be excused because the board of appeals did not include an architect and a selectman as, so it is argued, the building by-laws require.[6] Even if the composition of the board could be questioned in this proceeding, which we do not suggest, the point is not well taken. The zoning by-law has no such requirement for the board of appeals established thereunder. The zoning by-law provides that the board of appeals thereunder (a board of five members) shall also act as the board of appeals "under the building by-laws." This does not import into the zoning by-law special requirements

---

[6] "This board shall consist of three persons . . . a selectman, a lawyer, and an architect . . . .."

of the building by-laws.  This is not the effect of § 21 of the zoning by-law: "Nothing herein contained shall be construed so as to repeal or nullify any existing by-law . . . [and when] the matter herein contained is elsewhere regulated the more stringent provision shall prevail."

The plaintiff did not raise below and has not argued any issue concerning his rights under the earlier plan except the effect of the plan on the revocation of the permits and his claimed right to require that the board indorse the September, 1962, plan.  We express no view as to any other rights.

The bill may not be maintained to adjudicate the plaintiff's claim to recover damages from the building inspector. See, as to the effect of failure to pursue an administrative remedy on an action for damages, *DiMaggio* v. *Mystic Bldg. Wrecking Co. Inc.* 340 Mass. 686, 692–693.

3.  The final decree in the appeal from the action of the planning board is affirmed.  The final decree in the suit for declaratory relief is vacated and a final decree is to enter dismissing the bill of complaint.

*So ordered.*