SCHOOL COMMITTEE OF NEW BEDFORD vs. LABOR RELATIONS
COMMISSION; NEW BEDFORD EDUCATORS ASSOCIATION,
intervener.

Bristol.   December 15, 1982. — January 18, 1983.

Present: HALE, C.J., CUTTER, & WARNER, JJ.

*Labor Relations Commission.   Administrative Law*, Proceedings before
   agency, Rehearing.

The Labor Relations Commission properly denied a school committee's
   motion for reconsideration of its final order directing reinstatement of
   certain nontenured teachers, where the evidence on which the motion
   was based was clearly relevant on the question of the remedy to be
   ordered, had been in existence prior to the hearing before the commis-
   sion, and might have been offered either at the hearing or as the basis
   for a motion to reopen the hearing before the final order was issued.
   [174]

APPEAL from a decision of the Labor Relations Commis-
sion.

*Arthur J. Caron, Jr.*, for the plaintiff.

*Sarah P. Garraty* for the defendant.

*William H. Shaevel (Susan F. Cole* with him) for the in-
tervener.

WARNER, J.   The New Bedford school committee (com-
mittee) appeals (G. L. c. 150E, § 11, as amended through
St. 1981, c. 351, § 245) from the denial by the Labor Rela-
tions Commission (commission) of the committee's motion
for reconsideration of a final order, rendered pursuant to
G. L. c. 150E, § 11, directing reinstatement with back pay
for twelve non-tenured teachers and the resumption of col-
lective bargaining under certain circumstances.   The issue
before us grew out of the following sequence of events.   On
January 9, 1981, the committee notified the New Bedford
Educators Association (association) that, because of the

enactment of Proposition 2½ in 1980 (St. 1980, c. 580), the committee had decided to make certain reductions in force in order to curtail expenditures in fiscal year 1981 and to that end proposed to terminate eighteen nontenured teachers. Thereafter, in January and February of 1981, the committee and the association engaged in bargaining on the impact of the contemplated reductions. On February 12, 1981, the committee terminated twelve of the eighteen teachers. On February 25, 1981, the association filed with the commission a charge of prohibited practice against the committee. On the same day the committee allegedly advised the affected teachers that in the event of reinstatement by the commission, they would not be reemployed for the school year 1981-1982 and they were "so terminated" on March 31, 1981. On March 2, 1981, the commission issued a notice of investigation of the association's charge and, on April 24, 1981, issued a complaint of prohibited practice. A hearing on the complaint was held on May 19, 1981, and, on November 6, 1981, the commission issued its decision that the committee had violated G. L. c. 150E, §§ 10(*a*)(1) and (5), by failing to bargain in good faith to the point of resolution or impasse before terminating the teachers and issued its order for reinstatement with back pay. The committee does not now question the decision.

The motion for reconsideration of the order was filed on November 17, 1981, and denied on December 22, 1981. The motion alleged, inter alia, that since the affected teachers were advised on February 25, 1981, that in the event of reinstatement by order of the commission they would not be reemployed for the school year 1981-1982, the order violated the provisions of G. L. c. 71 (§ 41 of which provides for notice by a school committee of intent not to reemploy a nontenured teacher). The committee, however, had failed to introduce evidence of any notice of intent not to reemploy, or of later termination, at the hearing on May 19, 1981, on the complaint of prohibited practice or to move, as it could have, prior to the issuance of the final order, to reopen the hearing to bring such evidence to

the commission's attention. 402 Code Mass. Regs. 13.12 (1979).

The commission denied the motion without a hearing, stating, in relevant part, that its rules and regulations do not provide for reconsideration of final orders and that, as to the committee's alleged action on February 25, 1981, it would be inappropriate to reopen the hearing to consider evidence which existed but was not brought forward at the proper time.

There is no express provision in the statute (G. L. c. 150E, § 11) or in the regulations (402 Code Mass. Regs. 13.00) governing hearings before the commission which allows for reconsideration of a final decision or order. We need not address the question whether in the circumstances the commission had inherent power, in its discretion, to reconsider. (The commission concedes that in at least one case it did reconsider a final order.) See generally Annot., 73 A.L.R.2d 939 (1960); 2 Am. Jur. 2d, Administrative Law §§ 520-538 (1962); 2 Davis, Administrative Law § 18.09 (1958). See also *Cassani* v. *Planning Bd. of Hull*, 1 Mass. App. Ct. 451, 456 (1973); *Vitale* v. *Planning Bd. of Newburyport*, 10 Mass. App. Ct. 483, 487 (1980). The offered evidence, although "in existence prior to the investigation and hearing of the case," was referred to for the first time in the motion. It was clearly relevant on the question of the remedy to be ordered by the commission. It could and should have been offered at the hearing and could have provided the basis for a motion to reopen the hearing prior to the final decision and order. 402 Code Mass. Regs. 13.12. We cannot say that there was error or abuse of discretion in the denial of the motion. See *Norway Cafe, Inc.* v. *Alcoholic Beverages Control Commn.*, 7 Mass. App. Ct. 37, 40 (1979).

*Denial of motion for reconsideration affirmed.*