EUGENE B. HAYNES & others *vs.* LINCOLN E. GRASSO & others.

Norfolk. February 5, 1968. — March 5, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Zoning,* Special permit, Variance. *Subdivision Control.*

An application to the zoning board of appeals of a town to allow a division of a lot on a public way into two lots, each having less than the required area and frontage, pursuant to a provision of the zoning by-law empowering the board to make special exceptions to the area and frontage requirements did not involve a subdivision within the subdivision control law, G. L. c. 41, §§ 81K–81GG, and was not within the jurisdiction of the town's planning board. [733–734]

A provision of a town's zoning by-law prohibiting reduction in the area or frontage of a lot below previously specified area and frontage requirements was not to be construed as rendering meaningless the next provision of the by-law empowering the board of appeals to make special exceptions allowing building upon lots having less than the required area or frontage. [734]

In a zoning by-law in which a provision empowering the board of appeals to make special exceptions to the specified area or frontage require-

---

ments upon finding "that — " was followed by a subparagraph ending with a period and contemplating a finding that the neighborhood of the land involved in an application for a special exception had been developed with lots smaller than those prescribed in the by-law, and a second subparagraph contemplating a finding that lots of the prescribed size "would not be readily saleable and could not be economically or advantageously used for building purposes because of" certain hardship factors, the two subparagraphs were to be read and applied disjunctively. [734–735]

BILL IN EQUITY, filed in the Superior Court on November 15, 1965, by way of appeal under G. L. c. 40A, § 21, from a decision of the board of appeals of Needham.

Following hearing of the suit by *Ford,* J., a final decree annulling the board's decision was entered. The defendants appealed.

*John V. Phelan* for the defendants Grasso.

*William A. Cross,* Town Counsel, for the defendant Board of Appeals of Needham.

No argument or brief for the plaintiffs.

WHITTEMORE, J. The defendants Grasso own a one acre parcel with 163.25 foot frontage on Brookside Road, a public way in Needham, where the zoning by-law (§ IV–A) requires that lots be no less than one acre in size with not less than 150 foot frontage. The Grassos applied to the zoning board of appeals for a special exception to the provisions of that by-law ". . . to allow a subdivision of land located at about # 45 Brookside Road . . . into two lots, both lots to have at least a frontage of 81.0 feet, and approximately ½ acre of area." Section IV–A empowered the board to "make special exception to the provisions of this section . . . by authorizing the Building Inspector to grant permits . . . for the erection . . . of buildings . . . upon . . . lots, although containing less area or less frontage than is hereby prescribed . . . wherever, after a public hearing, it shall find that —

a. Adjoining areas have been previously developed by the construction of buildings or structures on lots generally smaller than is prescribed by this section and the standard of the neighborhood so established does not reasonably re-

quire a subdivision of the applicant's land into lots as large as is hereby prescribed.

b. Lots as large as is hereby prescribed would not be readily saleable and could not be economically or advantageously used for building purposes because of the proximity of the land to through ways bearing heavy traffic, or to a railroad, or because of other physical conditions or characteristics affecting it but not affecting generally the zoning district."

The board unanimously approved the application, authorized the subdivision of the land into two lots, and authorized the building inspector to issue the required permits stating that "this request is not an unreasonable one in that it would more or less conform to the neighborhood inasmuch as Nos. 12 through 44 Brookside Road are in the 11,000' category and lots in the higher address zone are of varied dimensions in the half acre category . . . ."

On appeal to the Superior Court, a final decree ordered the decision annulled. The judge ruled in substance: (1) the matter was within the jurisdiction of the planning board, being a subdivision governed by the subdivision control law; (2) a provision of the zoning by-law specifically prohibited the reduction of the lot size; (3) even if the matter were properly before the board, and the reduction was not prohibited, the decision could not stand, in that subparagraphs a and b were to be applied conjunctively. These rulings were erroneous.

The planning board had no jurisdiction of an application under § IV–A. There was no subdivision under the subdivision control law. General Laws c. 41, § 81L, as amended by St. 1965, c. 61, provides: "'Subdivision' shall mean the division of a tract of land into two or more lots . . . provided, however, that the division of a tract of land into two or more lots shall not be deemed to constitute a subdivision within the meaning of the subdivision control law if, at the time when it is made, every lot within the tract so divided has frontage on (a) a public way . . . . Such frontage shall

be of at least such distance as is then required by zoning or other ordinance or by-law, if any, of said city or town for erection of a building on such lot . . . ." The lots on Brookside Road are on a public way. The frontage requirement is met by the granting of the exception. This was not a variance from the by-law, but a special application of its terms. *Lawrence* v. *Board of Appeals of Lynn,* 336 Mass. 87, 89.

The provision of the by-law that the judge deemed controlling appears in section IV–A at the end of the paragraph directly preceding the provision for special exceptions. It provides as follows: "No lot shall be reduced in area or frontage if it already has or will be caused to have less area or frontage than required by this section, except by a taking by eminent domain or a conveyance for a public purpose."

The defendants correctly argue that this sentence is to be read only as emphasis for the preceding area requirements and not to strip meaning from the next paragraph which expressly empowers the board of appeals to "make special exception to the provisions of this section." *LaMontagne* v. *Kenney,* 288 Mass. 363, 367. *Petros* v. *Superintendent of Bldgs.* 306 Mass. 368, 371 ("The zone ordinance must be construed reasonably with regard both to the objects sought to be attained and to the general structure of the ordinance as a whole"). *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484, 489.

As to the third ruling, the sense of the by-law points to a disjunctive reading of subparagraphs a and b. Under a, the standard to be applied is that established by the surrounding, already existing, smaller lots. This is an application of the zoning principle that classification of land is to be uniform and not arbitrary. Where the parcel is in a neighborhood of smaller lots the propriety of allowing the parcel to be divided into like lots is in no sense dependent upon the hardship factors that are specified in subparagraph b. The category of parcels to which subparagraph a appropriately applies would include parcels which would be "readily saleable and [which] could . . . be economically or advanta-

geously used for building purposes." The express intent of b, on the other hand, is to give relief only to lots not having these advantages.

The propriety of special treatment for a parcel because of adverse "physical conditions or characteristics affecting it but not affecting generally the zoning district" is recognized in the statute itself in the provision for variances. See G. L. c. 40A, § 15, as amended by St. 1958, c. 381.

The punctuation tends to show an intention that the criteria of the two subparagraphs have separate application. We refer to the dash at the end of the grant of power ("shall find that —") and to the period at the end of subparagraph a. We conclude that the subparagraphs are to be read disjunctively.[1]

The final decree is reversed. A decree is to enter sustaining the decision of the zoning board of appeals.

*So ordered.*

---

[1] There is nothing in the record suggesting the contrary of this construction. The record shows a motion by the defendants to reopen the hearings which was denied. An affidavit of the town clerk attached to the motion, read with the town clerk's report of the 1952 town meeting as printed in the town report, and with other attached exhibits, is addressed to showing that subparagraph a as existing before 1952 and as readopted in 1952 to incorporate a minor amendment (substituting "building or structures" for "houses") closed with a semicolon and the word "or"; and that the "or" was omitted and a period substituted prior to the submission of the amendment to the Attorney General in order to conform to the moderator's copy of the motion under the article (on which the "or" was struck in pencil), and not pursuant to any motion for such change. As no exception was taken to the denial of the motion to reopen the hearings we do not consider whether the motion should have been allowed.