JOHN S. HRENCHUK *vs.* PLANNING BOARD OF WALPOLE. December 31, 1979. The trial judge was not in error in dismissing the plaintiff's appeal from the defendant's refusal to endorse his plan as not requiring its approval as a subdivision under G. L. c. 41, § 81P, as appearing in St. 1963, c. 363, § 1.

Although all the lots within the tract abut a public way, that way, Interstate Highway 95, is a limited-access highway, and the boundaries of the plaintiff's proposed lots thereon provide no means of vehicular passage between the highway and any of the lots. They can be reached only by use of a thirty-foot wide private way leading to a full-access public way upon which only one of the nine lots fronts. The required access must take the form of (1) frontage on one of the three types of ways specified in G. L. c. 41, § 81L, as amended through St. 1965, c. 61, and (2) a planning board's determination under § 81P that adequate access, as contemplated by § 81M, otherwise exists. *Gifford* v. *Planning Bd. of Nantucket,* 376 Mass. 801, 807 (1978). The frontage required by § 81L is impliedly frontage providing access to one of the types of ways specified in (*a*) through (*c*) of that provision. Because the plaintiff's lots do not have access to the highway they abut, they do not have frontage on any way for the purposes of § 81L. It follows that the plan required the defendant's approval as a subdivision.

*Judgment affirmed.*

*Bernard J. Monbouquette* for the plaintiff.
*Alphonse W. Query, Jr.,* Town Counsel, for the defendant.