STEPHEN J. NASCA & another [1] vs. BOARD OF APPEALS
OF MEDWAY & another. [2]

No. 88-P-597.

Norfolk. January 20, 1989. — February 23, 1989.

Present: BROWN, DREBEN, & FINE, JJ.

*Zoning,* By-law; Board of appeals: decision; Constructive grant of relief.
*Municipal Corporations,* By-laws and ordinances. *Subdivision Control,*
Approval not required.

General Laws c. 40A, § 15, providing that the failure of a municipal board of
appeals to act in a timely fashion on certain matters shall be deemed a
constructive grant of the relief sought, had no application to a board's
actions pursuant to a court order. [48-49]

Where a town, in voting to amend a provision of its zoning by-law, intended
that a certain way may be included within the term "Street" as defined
elsewhere in the by-law, the definition was to be construed, if reasonably
possible, to carry out the town's intent. [49-50]

The phrase "shown on a way approved by the Planning Board," as appearing
in the definition of "Street" set out in a town's zoning by-law, was
construed to include a way shown on a recorded plan which the board
had endorsed "approval under the subdivision control law not required,"
thereby giving effect to the town's intent, signified by its vote to amend
the frontage requirement of the by-law, that a certain way be considered
a street. [50-54]

CIVIL ACTION commenced in the Superior Court Department
on February 10, 1987.

The case was heard by *J. Harold Flannery,* J., on a motion
for summary judgment.

*Richard D. Maciolek,* Town Counsel, for the defendants.
*Ralph C. Copeland (Richard N. Copeland* with him) for the
plaintiffs.

[1] Patricia K. Nasca.

[2] Building Inspector of Medway.

DREBEN, J. The plaintiffs brought this appeal under G. L. c. 40A, § 17, claiming that the Medway board of appeals (board) erred in declining to revoke a building permit issued by the town building inspector. The locus is a lot on Kadin Lane abutting the plaintiffs' land and is shown on a recorded plan endorsed "approval under the subdivision control law not required" by the Medway planning board. At the time the action was filed, the Medway zoning by-law, § V, par. F.3, required that single family dwellings be located "on a lot having a continuous frontage of not less than 150 feet on a Town-ac-cepted street or streets." It was undisputed that Kadin Lane was not a "Town-accepted street." The plaintiffs moved for summary judgment in the Superior Court. In response, the board sought a remand to the board and the planning board to determine whether the zoning by-law should be strictly con-strued or amended. A Superior Court judge, on May 22, 1987, annulled the action of the board and remanded the matter for further proceedings. At the behest of the planning board in June, 1987, the town amended § V, par. F.3, of its zoning by-law by deleting the words "Town-accepted," so as to require only that frontage be "on a street or streets."

On August 11, 1987, the plaintiffs wrote to the chairman of the board requesting a hearing and compliance with the May 22, 1987, order of the Superior Court. Noting the amendment to the by-law, the board, after a public hearing, again refused to revoke the building permit.[3]

The plaintiffs went back to the Superior Court. They amended their complaint and again moved for summary judg-ment. The motion was allowed, and a judgment entered annul-ling the board's decision and ordering the building permit to be revoked. The board and the building inspector appeal from that judgment. We reverse.

The judge allowed the motion for two reasons.

1. *Constructive grant.* Maintaining that their letter of August 11, 1987, was, in effect, a petition which started the seventy-

---

[3] It was appropriate for the board to consider the by-law in effect at the time of its decision. Cf. *Lee* v. *Board of Appeals of Harwich,* 11 Mass. App. Ct. 148, 153-154 (1981).

five day period within which, under G. L. c. 40A, § 15, the board had to act,[4] the plaintiffs argue that the relief they sought was constructively granted. Although the board failed to act within the requisite period, we do not regard the letter asking for compliance with the court decree as a petition under G. L. c. 40A, § 15. Not only was the letter not addressed to the town clerk as required by the first paragraph of that section, see *Pasqualino* v. *Board of Appeals of Wareham*, 14 Mass. App. Ct. 989, 990 (1982), but, more important, where the board is directed to act pursuant to court order, the constructive grant provisions have no application.

The purpose of G. L. c. 40A, § 15, is "to induce the board to act promptly," *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. 617, 623 (1983), when it acts routinely in its administrative capacity. The provision is not designed to prescribe the board's timetable when it is acting pursuant to a judicial remand. The judge, not the petitioner, sets the terms of the remand and determines, if he deems it advisable, the appropriate time-frame within which the board must act.

2. *Construction of the by-law.* As we indicated, the amended by-law, passed in direct response to this action, eliminated the requirement of a "Town-accepted" street and requires frontage on "a street or streets." Some difficulty arises, however, because the definition of "street" in Section II of the by-law was not changed. That definition is as follows:

> "16. *Street* -- public way established by or maintained under public authority or shown on a plan approved by the Planning Board."

---

[4] G. L. c. 40A, § 15, as in effect prior to St. 1987, c. 498, § 3, provides in relevant part:

> "The decision of the board shall be made within seventy-five days after the date of the filing of an appeal, application or petition except in regard to special permits, as provided for in section nine of this chapter. Failure by the board to act within said seventy-five days shall be deemed to be the grant of the relief, application or petition sought, subject to an applicable judicial appeal as provided for in this chapter."

The seventy-five day period was extended to one hundred days by St. 1987, c. 498, § 3.

The plaintiffs note correctly that Kadin Lane is not a public way. They argue that the by-law must be construed conjunctively, that is, paragraph 16 requires that a way must be public as well as shown on a plan approved by the planning board. Moreover, they argue, even if the definition is construed disjunctively, Kadin Lane is not a street shown on a plan approved by the planning board.

Although these arguments find some support in the definition of street in § II, par. 16, the plaintiffs' reading ignores entirely the purpose of the 1987 by-law amendment to § V, par. F.3. "The general and familiar rule is that a [by-law] must be interpreted according to the intent of the [legislative body] ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Hanlon* v. *Rollins*, 286 Mass. 444, 447 (1934). *Industrial Fin. Corp.* v. *State Tax Commn.*, 367 Mass. 360, 364 (1975). *Dighton* v. *Federal Pac. Elec. Co.*, 399 Mass. 687, 694 (1987). "Where the [legislative] intent is clear, the [by-law], if reasonably possible, must be construed to carry out that intent." *Industrial Fin. Corp.* v. *State Tax Commn.*, *supra* at 364, quoting from *Commissioner of Corps. & Taxn.* v. *Assessors of Boston*, 324 Mass. 32, 36 (1949). "Barrenness of accomplishment is not lightly to be imputed to [a legislative enactment]." *Adamowicz* v. *Ipswich*, 395 Mass. 757, 760 (1985).

We turn, therefore, to § II, the definitional section of the by-law, to see if its language precludes the obvious intent of the June, 1987, amendment. We find support for deviating from a strictly literal construction in the preamble to § II:

"In this by-law the following terms, unless a contrary meaning is required by the context or is specifically prescribed, shall have the following meanings:"

To require that frontage must in all situations be on a public way — that is, to read paragraph 16 of the by-law conjunctively

as the plaintiffs urge — would not only defeat the purpose of the 1987 amendment, but would render the words in paragraph 16 "or shown on a plan approved by the Planning Board" superfluous.[5] See *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S. S. Authy.*, 352 Mass. 617, 618 (1967); *Lee* v. *Board of Appeals of Harwich*, 11 Mass. App. Ct. 148, 154 (1981) ("none of the words [of the statute or by-law] should be regarded as superfluous"). Particularly, in light of the 1987 amendment, we decline to construe the by-law so as to render a significant portion of paragraph 16 ineffective. See *Adamowicz* v. *Ipswich*, 395 Mass. at 760.

We therefore treat paragraph 16 of the by-law as disjunctive and focus our inquiry on whether it is "reasonably possible"

---

[5] A reading requiring the town to accept or maintain the ways in a subdivision before building could occur would also ignore one of the primary purposes of the subdivision control law which, as expressed in G. L. c. 41, § 81M, is to regulate ways in subdivisions "which have not become public ways."

The first sentence of G. L. c. 41, § 81M, makes this clear. The portion of § 81M, as amended by St. 1969, c. 884, § 2, relevant to this opinion provides:

> "The subdivision control law has been enacted for the purpose of protecting the safety, convenience and welfare of the inhabitants of the cities and towns in which it is, or may hereafter be, put in effect by regulating the laying out and construction of ways in subdivisions providing access to the several lots therein, but which have not become public ways, and ensuring sanitary conditions in subdivisions and in proper cases parks and open areas. The powers of the planning board and of a board of appeal under the subdivision control law shall be exercised with due regard for the provision of adequate access to all of the lots in a subdivision by ways that will be safe and convenient for travel; for lessening congestion in such ways and in the adjacent public ways; for reducing danger to life and limb in the operation of motor vehicles; for securing safety in the case of fire, flood, panic and other emergencies; for insuring compliance with the applicable zoning ordinances or by-laws; for securing adequate provision for water, sewerage, drainage, underground utility services, fire, police, and other similar municipal equipment, and street lighting and other requirements where necessary in a subdivision; and for coordinating the ways in a subdivision with each other and with the public ways in the city or town in which it is located and with the ways in neighboring subdivisions. . . ."

to construe the words "way . . . shown on a plan approved by the Planning Board" to carry out the town's intent to include Kadin Way within the term "street." *Industrial Fin. Corp.* v. *State Tax Commn.*, 367 Mass. at 364.

Such a construction would comply with the statutory objectives of the subdivision control law as well as the general purposes of the Medway zoning by-law. In approving a subdivision plan, a planning board is required by G. L. c. 41, § 81M, to give "due regard for the provision of adequate access to all the lots in a subdivision by ways that will be safe and convenient for travel" and to other factors set forth in the statute. See note 5, *supra*, for a listing of the factors.

Because of this central purpose of the subdivision control law, "subdivision" has been statutorily defined[6] to exclude those divisions of land to which adequate access is reasonably guaranteed. One of the exclusions is a division of land in which:

> "every lot within the tract so divided has frontage on . . . (c) a way in existence when the subdivision control law became effective in the city or town in which the land lies, [7] having, in the opinion of the planning board, sufficient width, suitable grades and adequate construction to provide for the needs of vehicular traffic in relation to the proposed use of the land abutting thereon or served thereby, and for the installation of municipal services to serve such land and the buildings erected or to be erected thereon."[8]

---

[6] In G. L. c. 41, § 81L, as amended through St. 1965, c. 61.

[7] There is evidence in the record that Kadin Lane was in existence at the time the subdivision control law became effective.

[8] The other exclusions from the definition of "subdivision" in G. L. c. 41, § 81L, are those divisions where:

> "every lot within the tract so divided has frontage on (a) a public way or a way which the clerk of the city or town certifies is maintained and used as a public way, or (b) a way shown on a plan theretofore approved and endorsed in accordance with the subdivision control law."

Thus, a planning board is to endorse a plan "approval not required," only if "vital access is reasonably guaranteed," *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass. 801, 807-808 (1978); *Hutchinson* v. *Planning Bd. of Hingham*, 23 Mass. App. Ct. 416, 420-421 (1987), and, in doing so, is to follow almost the same guidelines as to access as it is required to follow in approving a subdivision plan. See *Gifford, supra* at 807; *Hrenchuk* v. *Planning Bd. of Walpole*, 8 Mass. App. Ct. 949 (1979); *Perry* v. *Planning Bd. of Nantucket*, 15 Mass. App. Ct. 144, 152 (1983).[9]

By endorsing the plan on which Kadin Lane is shown "approval not required," the planning board has ensured that there is "efficient vehicular access" to each lot in the division. *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass. at 807.

We recognize that there are differences between approval of a subdivision plan and an endorsement that approval is not required. See *Goldman* v. *Planning Bd. of Burlington*, 347 Mass. 320, 324-325 (1964). See also *Cassani* v. *Planning Bd. of Hull*, 1 Mass. App. Ct. 451, 454-456 (1973). Paragraph 16, which provides that a way be "shown on a plan approved by the Planning Board," does not specify "subdivision" plan. More important, the town's zoning by-law was amended at the behest of the planning board because of problems relating to Kadin Lane, a street which can be built upon only if "street" as used in § V, par. F.3, includes a way as defined in par. 12, clause (c), of G. L. c. 41, § 81L (c). Taking our lead from the preamble of § II to construe § V, par. F.3, we reject the plaintiffs' strict reading of paragraph 16, where, as here, "literalness may strangle meaning." *Aldoupolis* v. *Commonwealth*, 386 Mass. 260, 264, cert. denied, 459 U.S. 864 (1982), quoting

---

[9] If we were to adopt the plaintiff's construction, building on the lot in question would be precluded until such time as Kadin Lane becomes a public way. This is because once the planning board has determined under § 81P that "adequate access, as contemplated by § 81M, otherwise exists," *Hrenchuk* v. *Planning Bd. of Walpole*, 8 Mass. App. Ct. at 949, § 81P approval may not be withheld. *Hutchinson* v. *Planning Bd. of Hingham*, 23 Mass. App. Ct. at 420. Such approval excludes the division from being a subdivision, and hence approval of a plan as a subdivision by the planning board is not possible.

from *Lynch* v. *Overholser*, 369 U.S. 705, 710 (1962). We construe the term "street" in § V, par. F.3, of the Medway zoning by-law to include a way approved by the planning board as well as one shown on a plan approved by the planning board.

The judgment is reversed. A judgment is to enter affirming the decision of the board refusing the plaintiffs' petition to revoke the building permit.

*So ordered.*