LONG POND ESTATES, LTD. *vs.* PLANNING BOARD OF
STURBRIDGE & others.

Worcester. September 13, 1989. - December 13, 1989.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Subdivision Control*, Approval not required, Frontage on public way, Access ways. *Way*, Public: subdivision control.

Where the owner of a certain parcel of land sought to record a plan proposing a division of the parcel into three lots, each of which had adequate frontage on a public way under the local zoning by-law, and where, although a portion of the way between the proposed lots and the center of the town was within a flood easement and periodically closed due to flooding, adequate access for emergency vehicles to the proposed lots was available at times of flooding through ways in a neighboring town, the planning board exceeded its authority under G. L. c. 41, §§ 81L and 81P, in refusing to endorse the landowner's plan "approval under the subdivision control law not required." [254-255]

CIVIL ACTION commenced in the Superior Court Department on February 3, 1988.

The case was heard by *James P. Donohue*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James F. Cosgrove*, Special Town Counsel (*Susanne R. Blatt*, Special Town Counsel, & *Florence C. Chandler*, Town Counsel, with him) for the defendant.

*Robert K. Cotton* for the plaintiff.

LYNCH, J. The planning board of Sturbridge (planning board) appeals from a summary judgment of the Superior Court in favor of the plaintiff. A Superior Court judge ruled that the plaintiff is entitled to an "approval under the subdivision control law not required" endorsement (ANR endorsement) on a plan of land in the town of Sturbridge. We trans-

ferred the case to this court on our own motion, and we now affirm the judgment of the Superior Court.

The facts relevant to this appeal are uncontroverted. The plaintiff owns a parcel of land on Champeaux Road, a public way, in Sturbridge. The plan in question proposes a division of the parcel into three lots, each of which has adequate frontage on Champeaux Road under the Sturbridge zoning by-law. A portion of Champeaux Road between the proposed lots and the center of Sturbridge is within a flood easement held by the United States Army Corps of Engineers, and is periodically closed due to flooding. [1]

The Superior Court judge decided that the plaintiff was entitled to an ANR endorsement under the provisions of G. L. c. 41, §§ 81L & 81P (1988 ed.). Section 81P provides in pertinent part: "Any person wishing to cause to be recorded a plan of land situated in a city or town in which the subdivision control law is in effect, who believes that his plan does not require approval under the subdivision control law, may submit his plan to the planning board of such city or town . . . and, if the board finds that the plan does not require such approval, it shall forthwith, without a public hearing, endorse thereon . . . the words 'approval under the subdivision control law not required'. . . . Such endorsement shall not be withheld unless such plan shows a subdivision." Section 81L excepts from the term "subdivision" a division of a tract of land into two or more lots if "every lot within the tract so divided has frontage on . . . a public way" and the frontage is sufficient under the controlling town by-law.

The planning board acknowledges that the plaintiff's plan meets the literal statutory requirements for an ANR endorsement, but contends that such technical compliance alone is not enough. In refusing to endorse the plan, the planning board stated that (1) the existence of the flood easement

---

[1]Between 1980 and 1988, the corps of engineers closed the affected portion of Champeaux Road, on average, thirty-three and one-half days a year.

means that Champeaux Road does not provide adequate access for emergency vehicles to the proposed lots and (2) alternative access to the proposed lots through an abutting town would involve "excessive response time." As authority for its inquiry into the adequacy of Champeaux Road as a public way, the planning board cites cases upholding denials of ANR endorsements based on restrictions on access to the public roads leading to the proposed developments. See *McCarthy* v. *Planning Bd. of Edgartown*, 381 Mass. 86 (1980) (limited access highway); *Perry* v. *Planning Bd. of Nantucket*, 15 Mass. App. Ct. 144 (1983) (planned yet unconstructed highway); *Hrenchuk* v. *Planning Bd. of Walpole*, 8 Mass. App. Ct. 949 (1979) (limited access highway).

The periodic flooding of a portion of the public way that exists here does not bring this case within the ambit of *McCarthy*, *Perry*, or *Hrenchuk*. "[P]lanning boards are authorized to withhold 'ANR' endorsements in those unusual situations where the 'access implied by [the] frontage is . . . illusory in fact.' " *Corcoran* v. *Planning Bd. of Sudbury, ante* 248, 251 (1989), quoting *Fox* v. *Planning Bd. of Milton*, 24 Mass. App. Ct. 572, 574 (1987). Here, adequate access to the proposed lots is available via ways in a neighboring town during the time when a portion of Champeaux Road is closed due to flooding. Moreover, the distance that Sturbridge emergency vehicles must travel to reach the proposed lots using the alternative route is no greater than the distance they must travel to reach numerous other points within Sturbridge. Thus the undisputed facts disclose that the lots meet the literal requirements for an ANR endorsement and that access is available at all times, albeit occasionally on ways of a neighboring town. For these reasons, we find that the planning board exceeded its authority under G. L. c. 41, §§ 81L

& 81P, in refusing to endorse the plaintiff's plan "approval under the subdivision control law not required."

*Judgment affirmed.*