THOMAS J. SEGUIN & another[1] *vs.* PLANNING BOARD OF UPTON.

No. 90-P-1431.

Worcester. February 20, 1992. - October 6, 1992.

Present: ARMSTRONG, PERRETTA, & GREENBERG, JJ.

*Subdivision Control*, Planning board, Approval not required, Frontage on public way.

A plan showing the proposed division of a one-acre lot into two lots, only one of which had frontage on a public way sufficient to comply with the minimum 100 feet of frontage required by the town's zoning by-law, was not entitled to an endorsement under G. L. c. 41, § 81P, that approval under the Subdivision Control Law was not required, despite the landowners' having previously applied for and been granted a variance from the 100-foot frontage requirement of the town by-law. [375-377]

CIVIL ACTION commenced in the Superior Court Department on April 27, 1990.

A motion for summary judgment was heard by *James P. Donohue*, J.

Leave to prosecute an interlocutory appeal was allowed by *Brown*, J.

*Richard Yospin* for the plaintiffs.

*Michael P. Duffy*, Town Counsel, for the defendant.

ARMSTRONG, J. The Seguins, owners of a one-acre lot fronting on a paved public way, seeking to divide the lot into two lots for single-family residences, applied for and were granted a variance from the 100-foot frontage requirement of the Upton zoning by-law. One of the two lots was to have frontage of exactly that length; the other would have a 98.44-foot frontage. Armed with the variance from the zoning board of appeals, the Seguins submitted a plan to the

---

[1] Mary Jo Seguin.

planning board for an endorsement that approval under the Subdivision Control Law was not required. See G. L. c. 41, § 81P. This was refused on the ground that one of the lots shown on the plan lacked the frontage required by the zoning by-law. Rather than resubmitting the plan for approval under G. L. c. 41, § 81U, the Seguins sought judicial review under G. L. c. 41, § 81BB. A judge of the Superior Court denied the Seguins' motion for summary judgment, and a single justice of this court, acting under G. L. c. 231, § 118, 1st par., allowed the Seguins to file this interlocutory appeal. See *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 469-470 (1975).

The board acted correctly in denying the endorsement. In considering an application for an endorsement that its approval is not required, "a planning board's judgment is confined to determining whether a plan shows a subdivision." *Smalley* v. *Planning Bd. of Harwich*, 10 Mass. App. Ct. 599, 604 (1980). A subdivision is "the division of a tract of land into two or more lots . . . [except where] every lot within the tract so divided has frontage . . . of at least such distance as is then required by zoning or other ordinance or by-law if any . . . and if no distance is so required, such frontage shall be of at least twenty feet." G. L. c. 41, § 81L, "Subdivision," as amended by St. 1956, c. 282. As one of the lots shown on the plan lacked the zoning by-law's required frontage of 100 feet, the plan showed a subdivision and thus required approval. *Hrenchuk* v. *Planning Bd. of Walpole*, 8 Mass. App. Ct. 949 (1979). The planning board's approval under the Subdivision Control Law would be independent of the approval of the variance by the board of appeals under the zoning by-law. *Arrigo* v. *Planning Bd. of Franklin*, 12 Mass. App. Ct. 802, 808 (1981). Cf. *Mendes* v. *Board of Appeals of Barnstable*, 28 Mass. App. Ct. 527, 531 (1990).

The Seguins argue that the words, "frontage . . . of at least such distance as is *then* required by zoning or other ordinance or by-law" (§ 81L, "Subdivision," emphasis added), should be read as referring to the 98.44-foot frontage allowed by the zoning board's variance, with the result that each lot

shown on the plan has the required frontage. They rely, incorrectly, on *Adams* v. *Board of Appeals of Concord,* 356 Mass. 709, 711-712 (1970), which held, as to a garden-apartment project specially permitted by the zoning board of appeals, on a parcel which lacked the frontage that would be required of single-family residences, that "the required frontage under both § 8lL and [the provision of the zoning by-law authorizing garden apartments] is only the frontage required by the board of appeals. See *Haynes* v. *Grasso,* 353 Mass. 731, 733-734 [1968]." In the *Adams* case, however, as in *Haynes* v. *Grasso,* the zoning by-law contained no fixed frontage requirement for the type of project contemplated, leaving the frontage to be fixed by special permit.[2] Only in those special cases where the frontage requirement is fixed by special permit do the words of § 8lL ("frontage . . . of at least such distance as is then required by zoning or other ordinance or by-law") refer to the frontage fixed by the board. "The lots . . . are on a public way. The frontage requirement is met by the granting of the [special permit]. This was not a variance from the by-law, but a special application of its terms." *Haynes* v. *Grasso,* 353 Mass. at 734.

Here, in contrast, the Seguins have been given an unappealed variance to create a lot lacking the frontage required by the zoning by-law. Their plan shows a subdivision and accordingly must be reviewed under the approval procedure with a view to vindicating the concerns of the Subdivision Control Law, which pertain primarily to considerations of access for vehicles and utilities. *Arrigo* v. *Planning Bd. of Franklin,* 12 Mass. App. Ct. at 810-811. That the proposed lots appear on the present record to present no problem in

---

[2]In the *Adams* case, the Concord zoning by-law stated that "[l]imited dwelling structures or garden apartments need have only such frontage on public or private ways as may be approved by the [b]oard of [a]ppeals." 356 Mass. at 711. In *Haynes* v. *Grasso,* the Needham zoning by-law allowed the board of appeals "to grant permits . . . for the erection . . . of buildings . . . upon . . . lots, although containing less area or less frontage than is hereby prescribed," where it found that surrounding development conformed generally to the smaller dimensional requirements of earlier by-laws. 353 Mass. at 732-733. Compare *Emond* v. *Board of Appeals of Uxbridge,* 27 Mass. App. Ct. 630, 631-632 (1989).

this respect may be relevant if the planning board should unreasonably withhold their approval of a plan under § 81U, but the board correctly ruled that the approval procedure could not be circumvented.

The order denying summary judgment is affirmed.

*So ordered.*