Kottmyer, J.
INTRODUCTION
Plaintiff, Kevin Fulgoni, appeals a decision of the Reading Zoning Board of Appeals (the “Board”) revoking a building permit issued to plaintiff by the Building Inspector. The parties filed cross-motions for summary judgment. For the reasons stated below, the plaintiffs motion for summary judgment is DENIED *275 and the defendants’ motions for summary judgment are ALLOWED.
BACKGROUND
The following facts are undisputed: Plaintiff, Kevin Fulgoni as Trustee of the Dennis-Magnus Realty Trust, is the owner of real estate located on Willow Street in Reading, Massachusetts, known as Lot 19 on Reading Board of Assessor’s Plat 81 (hereinafter “Lot 19" or “the property”). Lot 19 has 156.34 feet of frontage on Willow Street. Willow Street is the legal frontage to the property. However, there is no physical access to Lot 19 from Willow Street. The portion of the property along Willow Street is a wetland and has not been cleared for pedestrian or vehicle access. Plaintiff proposed physical access to Lot 19 through an easement over 26 Summer Avenue, Reading, Massachusetts. The Summer Avenue property abuts Lot 19 and is owned by plaintiff. The Summer Avenue property has 81.57 feet of frontage and no easement benefiting Lot 19 currently exists over the property.
On September 25, 1995, plaintiff applied for a building permit to construct a single family house on Lot 19. The Building Inspector for the Town of Reading issued a “foundation only” permit on September 26, 1995. On October 16, 1993, the defendants Francis and Dorothy O’Keefe and Charles and Nancy O’Soro, owners of abutting real estate, filed an application with the Board appealing the Building Inspector’s issuance of the “foundation only” permit. On November 2, 1995, the Board held a hearing on the matter. The Board concluded that Lot 19 did not meet the frontage requirements of the Town of Reading Zoning By-laws (“By-laws”). Although Lot 19 has legal access, the Board concluded that no physical access existed from Willow Street. Therefore, the Board revoked the “foundation only” permit.
Plaintiff filed suit in Superior Court, pursuant to G.L.c. 40A, Section 17, seeking review of the Board’s decision. Currently before the court are the parties’ cross-motions for summary judgment.
DISCUSSION
1.STANDARD OF REVIEW OF ZONING BOARD OF APPEAL’S DECISION
Chapter 40A, §17 of the General Laws of Massachusetts provides the appeal rights of a person aggrieved by a decision of zoning boards of appeal. “(T]he matter is heard de novo, and the [superior court] judge makes [her] own findings of fact, independent of any findings of the board, and determines the legal validity of the decision of the board upon the facts found by the court.” Bicknell Realty Co. v. Board of Appeals of Boston, 330 Mass. 676, 679 (1952). “The court reviewing a decision of the board denying a permit does not possess the same discretionary powers as does the board, and the decision of the board can only be disturbed ‘if it is based on a legally untenable ground ... or is unreasonable, whimsical, capricious or arbitrary . . .’ ” Subaru of New England, Inc., v. Board of Appeals of Canton, 8 Mass.App.Ct. 483, 486 (1979), quoting Gulf Oil Corp. v. Board of Appeals of Framingham, 355 Mass. 275, 277-78 (1969). The review restricts the court to its usual function of applying established law to the established facts. Pendergast v. Board of Appeals of Barnstable, 331 Mass. 555, 559 (1954).
2.SUMMARY JUDGMENT STANDARD
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550 (1976); Mass.R.Civ.P. 56(c). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). “If the moving pariy establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
3.FRONTAGE REQUIREMENTS
The By-laws define frontage as a continuous length across which both legal and physical access is available.[3] Lot 19 is situated in an S-15 Zoning District. The Table of Dimensional Controls found at Section 5.1.2 of the By-laws requires a minimum of 100 feet of frontage in an S-15 Zoning District. It is undisputed that there is currently no physical access to Lot 19 from Willow Street. Lot 19 does not satisfy the requirements for development established by the By-laws.
Zoning boards have adopted frontage requirements to ensure each lot is accessible to emergency vehicles to protect the public’s “peace, safeiy and welfare.” Gifford v. Planning Bd. of Nantucket, 376 Mass. 801, 808 (1978). Courts must construe by-law provisions in the context of the by-laws as a whole, and the court must give the provision a sensible and practical meaning within that context. Selectmen of Hatfield v. Garvey, 362 Mass. 821, 826 (1973). Courts are to apply the common and approved usage in determining the meaning of everyday terms. Pellegrino v. City Council of Springfield, 22 Mass.App.Ct. 459, 463 (1986). Frontage has come to embody two requirements. The lot must have the requisite linear feet along a public way and physical access must be present along that particular portion of the lot. See Gifford v. Planning Bd. *276 of Nantucket, 376 Mass. 801, 807 (1978) (discussing inadequacy of frontage in light of lack of meaningful physical access); Rettig v. Planning Bd. of Rowley, 332 Mass. 476, 481 (1955) (stating frontage requires adequate access for vehicle traffic); Hutchinson v. Planning Bd. of Hingham, 23 Mass.App.Ct. 416, 419-20 (1987) (discussing role of adequate physical access to proposed development); Perry v. Planning Bd. of Nantucket, 15 Mass. App. Ct. 144, 152-53 (1983) (discussing inadequacy of public way in which to gain physical access to property); Hrenchuck v. Planning Bd. of Walpole, 8 Mass.App.Ct. 949 (1979) (stating frontage requirement not met because no physical access from public way to lots). Section 2.2.13 of the Reading By-laws specifically requires that frontage consist of “[a] continuous length of a lot line... across which access is legally and physically available ...” Reading, MA, Zoning By-laws §2.2.13 (1995).
Plaintiff contends that because an easement over the properly located at 26 Summer Avenue can be obtained, Lot 19 satisfies the physical access requirements in the By-laws. This argument, however, is unfounded. In the first place, there is no easement over 26 Summer Avenue benefitting Lot 19. See Perry v. Planning Bd. of Nantucket, 15 Mass.App.Ct. 144, 150-51 (1983) (asserting landowner cannot rely on roads depicted on town plans that are not currently constructed on the ground). Second, plaintiffs contention that legal and physical access do not have to be over the same lot line is without merit. At the hearing on these motions, plaintiff relied upon a recent Land Court decision. Dunbar v. Dennis Zoning Bd. of Appeals, Land Court Misc. Case No. 237276 (J., Green) (1998). Dunbar is distinguishable from the case at hand. The lot in Dunbar had legal and physical access to a public way which satisfied the requirements of the applicable by-laws. The issue before the Land Court was whether the Zoning Board should have denied the building permit because a proposed driveway at the rear of the properly allegedly violated the town’s bylaws.
Furthermore, the specific language of the By-laws does not support plaintiffs contention that physical access can be separate from the legal frontage. The By-laws clearly require both legal and physical access along a single lot line of 100 feet or more for development of Lot 19. See Gifford v. Planning Bd. of Nantucket, 376 Mass. 801, 807-08 (1978) (stating that developer does not have to seek endorsement of plan when frontage meets lineal feet requirement and there is meaningful access to lot); Hutchinson v. Planning Bd. of Hingham, 23 Mass.App.Ct. 416, 420-21 (1987) (discussing interplay between physical access and lot’s frontage to public way). In these circumstances, the Fire Chiefs apparent satisfaction with access from a proposed easement over 26 Summer Avenue is irrelevant. The plaintiff has failed to demonstrate that the undisputed facts entitle him to judgment as a matter of law.
ORDER
For the reasons stated above it is hereby ORDERED that plaintiffs motion for summary judgment is DENIED and defendants’ motions for summary judgment are ALLOWED.

Section 2.2.13 of the By-laws provides in its entirety:
FRONTAGE: the continuous length of a lot line along a street line having a depth into the lot of not less than twenty (20) feet, said depth measured at an angle to said street line of not less than 65 degrees, not burdened by access easement at the time of the subdivision, across which access is legally and physically available for pedestrians and vehicles. The end of a street without a cul-desac shall not be considered frontage.
Reading, MA, Zoning By-laws §2.2.13 (1995).