NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1045

DAVID GOLD & another[1]

vs.

ZONING BOARD OF APPEALS OF RUTLAND & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, David Gold and Carolyn Streeter, appeal from a Superior Court judgment dismissing their challenge to the decision of the zoning board of appeals of Rutland (ZBA) to issue a special permit for defendants Blue Sky Towers III, LLC, doing business as BSTMA III, LLC (Blue Sky); and New Cingular Wireless PCS, LLC, doing business as AT&T (AT&T), to build a monopole cell tower.  The plaintiffs argue that the proposed cell tower would violate the requirements for a special permit pursuant to § 51 of the town's zoning bylaws.  We affirm.

---

[1] Carolyn Streeter.

[2] Jean E. Bigelow; Blue Sky Towers III, LLC, doing business as BSTMA III, LLC; and New Cingular Wireless PCS, LLC, doing business as AT&T.

Background.  Pursuant to §§ 15(B) and 53 of the zoning bylaws, defendants Blue Sky and AT&T applied to the ZBA for a height variance for the cell tower to be built on a parcel of residential property owned by defendant Jean E. Bigelow.  Pursuant to § 51 of the zoning bylaws, Blue Sky and AT&T simultaneously applied to the ZBA for a special permit to construct and operate that cell tower.  The ZBA conducted hearings on both the height variance and the special permit.

On June 29, 2022, the ZBA granted the application for a height variance.  The plaintiffs, individuals who own property either abutting or in the immediate vicinity of the cell tower site, did not appeal from or otherwise challenge the grant of the variance.  On August 3, 2022, the ZBA granted the application for a special permit.  Pursuant to G. L. c. 40A, § 17, the plaintiffs appealed to the Superior Court from the issuance of the special permit.  A judge granted the defendants' motion for judgment on the pleadings, dismissing the plaintiffs' complaint and affirming the ZBA's issuance of the special permit.  The plaintiffs appealed.

Discussion.  We review the allowance of motions for judgment on the pleadings de novo.  See Boston v. Conservation Comm'n of Quincy, 490 Mass. 342, 345 (2022).

2

The plaintiffs argue that the ZBA did not have authority under § 51 of the zoning bylaws to issue the special permit to construct the cell tower, because the tower did not satisfy the height requirements in § 53 of the zoning bylaws. Section 51 provides,

> "A personal wireless service facility involving construction of one or more ground or building (roof or side) mounts shall require a special permit. Such facilities may locate by special permit in all zoning districts within the Town, provided that the proposed use complies with the height requirements of § 53 . . . ."

The plaintiffs claim that the ZBA was not authorized to issue the special permit because the proposed cell tower did not comply with the height requirements of § 53. They argue that a variance from the height requirement of § 53 does not satisfy "compli[ance] with the height requirements of § 53" for the purposes of this provision. We are not persuaded.

Variances are "individual waivers of local legislation," providing relief from zoning requirements (footnote omitted). Mendoza v. Licensing Bd. of Fall River, 444 Mass. 188, 207 & n.23 (2005). The ZBA may grant a variance to excuse compliance with a zoning bylaw. See G. L. c. 40A, § 10. See also Cornell v. Michaud, 79 Mass. App. Ct. 607, 616 (2011) ("[A] landowner can . . . seek an appropriate variance or permit so as to bring the property into compliance with a zoning by-law"). In this case, the ZBA granted a variance to excuse compliance with the

3

height requirements of § 53. In considering the special permit application, the ZBA noted that it had previously "voted to grant a variance for relief from the height requirement in Section 53 of the [bylaw]." The ZBA's explicit reference to this variance in its decision on the special permit demonstrates that the variance from the height requirements of § 53 also provided relief from the same height requirements in § 51, the special permit provision. Otherwise, granting the height variance would have been meaningless.

The cases on which the plaintiffs rely are inapposite. In Mendes v. Board of Appeals of Barnstable, 28 Mass. App. Ct. 527, 529-530 (1999), the court held that a use variance was not a nonconforming use within the meaning of G. L. c. 40A, § 6.[3] And in Seguin v. Planning Bd. of Upton, 33 Mass. App. Ct. 374, 376 (1992), the court held that a variance from zoning bylaws did not satisfy the requirements of the subdivision control law, G. L. c. 41, §§ 81K-81GG. Neither Mendes nor Seguin supports the proposition that a variance from one zoning bylaw cannot satisfy the requirements of other zoning bylaws. The ZBA's granting the height variance meant that the height of the cell

_____

[3] Plaintiffs cite Mendes for the proposition that a use variance "is not a 'conforming' use." This misstates the court's holding that a variance is not a nonconforming use. See Mendes, 28 Mass. App. Ct. at 529-531.

4

tower was no longer an impediment to the issuance of the special permit.

> Judgment affirmed.
>
> By the Court (Desmond, Hand & Grant, JJ.[4]),
>
> Assistant Clerk

Entered:  May 17, 2024.

---

[4] The panelists are listed in order of seniority.